# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LERAY S. GIBSON, ) | CASE NO. 5:10CV2813 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| AKRON METROPOLITAN ) | |
| HOUSING AUTHORITY, et al, ) | |
| ) | |
| DEFENDANTS. ) | |

On December 13, 2010, plaintiff *pro se* LeRay S. Gibson filed this *in forma pauperis* action against the Akron Metropolitan Housing Authority, Allison Manson, Elizabeth Kaisk, Joseph Kury, Patti Dorm, and Skipper Skinner. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The complaint states in its entirety as follows:

Since 1998 to 12-2010 Akron Metropolitan Housing Authority - Section 8 Dept Housing Choice Voucher Certificate Specialist Jeneffer Skinner and Skipper & Elizabeth Kaisk Legal Dept Allison Manson Patti Dorm & Joseph Kury have caused mental & physical harm numerous hospitalizations Joseph Kury Medical Emergency Truck Worker & A.O.M. Hospitalization 2/2010 and 2009.
I desire $450,000 & homes six bedroom (Kenmore, Copley Barberton, Ohio).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "requir[e] [. . .] courts to explore exhaustively all potential claims of a *pro se* plaintiff, [... and] would [...] transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

For the foregoing reasons, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e).  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 25, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**